889 A.2d 1063

RAYMOND ARTHUR ABBOTT, A MINOR, BY HIS GUARDIAN AD
LITEM, FRANCES ABBOTT; ARLENE FIGUEROA, FRANCES
FIGUEROA, HECTOR FIGUEROA, ORLANDO FIGUEROA AND
VIVIAN FIGUEROA, MINORS, BY THEIR GUARDIAN AD LI-
TEM, BLANCA FIGUEROA; MICHAEL HADLEY, A MINOR, BY
HIS GUARDIAN AD LITEM, LOLA MOORE; HENRY STE-
VENS, JR., A MINOR, BY HIS GUARDIAN AD LITEM, HENRY
STEVENS, SR.; CAROLINE JAMES AND JERMAINE JAMES,
MINORS, BY THEIR GUARDIAN AD LITEM, MATTIE JAMES;
DORIAN WAITERS AND KHUDAYJA WAITERS, MINORS, BY
THEIR GUARDIAN AD LITEM, LYNN WAITERS; CHRISTINA
KNOWLES, DANIEL KNOWLES, AND GUY KNOWLES, JR.,
MINORS, BY THEIR GUARDIAN AD LITEM, GUY KNOWLES,
SR.; LIANA DIAZ, A MINOR, BY HER GUARDIAN AD LITEM,
LUCILA DIAZ; AISHA HARGROVE AND ZAKIA HARGROVE,
MINORS, BY THEIR GUARDIAN AD LITEM, PATRICIA WAT-
SON; AND LAMAR STEPHENS AND LESLIE STEPHENS, MI-
NORS, BY THEIR GUARDIAN AD LITEM, EDDIE STEPHENS,
PLAINTIFFS–MOVANTS, v. FRED G. BURKE, COMMISSIONER
OF EDUCATION; EDWARD G. HOFGESANG, NEW JERSEY
DIRECTOR OF BUDGET AND ACCOUNTING; CLIFFORD A.
GOLDMAN, NEW JERSEY STATE TREASURER; AND NEW
JERSEY STATE BOARD OF EDUCATION, DEFENDANTS–RE-
SPONDENTS.

December 19, 2005.

This matter having come before the Court on plaintiffs' motion
for relief in aid of litigants' rights alleging violations of the Court's

mandate in *Abbott v. Burke,* 153 *N.J.* 480, 710 *A.*2d 450 (1998) (*Abbott V*), and *Abbott v. Burke,* 164 *N.J.* 84, 751 *A.*2d 1032 (2000) (*Abbott VII* ) and requesting a remedial order from the Court in respect of funding for school construction in the Abbott districts;

And the Court having duly considered the submissions of counsel and having heard oral argument from the parties;

And the Court having noted that these and other plaintiffs in a series of actions previously entertained by this Court, have sought enforcement of the state constitutional guarantee that "[the] Legislature shall provide for the maintenance and support of a thorough and efficient system of free public schools for the instruction of all the children in the State between the ages of five and eighteen years." *N.J. Const.* Art. VIII, § 4, ¶ 1.

And the Court having previously granted various forms of relief;

And the Legislature having enacted the New Jersey Educational Facilities Construction and Financing Act of 2000 (EFCFA), *N.J.S.A.* 18A:7G–1 to –44, to implement the school facilities mandates of *Abbott V* and *Abbott VII;*

And the State having issued $6 billion in bonds for school facilities projects in the Abbott districts pursuant to the EFCFA and having delegated the responsibility for the financing, planning, design, construction management, land acquisition, construction, and completion of school facilities projects in the Abbott districts to the Economic Development Authority (EDA);

And the Governor having created the New Jersey Schools Construction Corporation (SCC) on July 29, 2002, Exec. Order No. 24, 34 *N.J.R.* 2888–89 (August 19, 2002), to streamline the implementation of EFCFA by transferring to SCC all of the power's of EDA under the EFCFA, except the power to incur indebtedness;

And the Court having been advised by the State that the SCC has completed numerous health and safety projects, has constructed several new facilities, and has rehabilitated or added to existing facilities;

And the Court having been informed by the State that, as of March 2005, other school facilities projects have been indefinitely postponed by the SCC and that the SCC is working to implement fiscal and managerial reforms in light of the Inspector General's investigation of that agency;

And the SCC having announced in July 2005 that only $1.4 billion of the original $6 billion appropriation for school facilities projects in the Abbott districts remained and that work on all but fifty-nine school facilities projects has been indefinitely postponed due to insufficient funds, resulting in hundreds of approved projects being placed on hold;

And the parties having stipulated that, as of July 2005, 110 projects had been approved by the Department of Education (DOE) and were under design by the SCC, 97 projects had been approved by the DOE and had some preliminary pre-development work completed, and 134 projects had been approved by the DOE and were awaiting pre-development work by the SCC;

And plaintiffs having stated that the enumerated projects are the subject of their motion;

And the DOE having failed to file its annual report for the 2005 Fiscal Year and most districts having failed to file their Long Range Facilities Plans that were due on October 3, 2005, which plans could affect the continuing viability of certain approved projects;

And the Court having acknowledged that the State has made a substantial effort to improve school facilities conditions in the Abbott districts, but that significant deficiencies in this area persist and are likely to worsen at a severe cost to the State's most disadvantaged school children if there is further delay in addressing the dilapidated, overcrowded, and dangerous schools in the Abbott districts;

And good cause appearing;

IT IS ORDERED that the plaintiffs' request for remedies pursuant to *Abbott V* and *Abbott VII* is granted, limited to the following: Pursuant to *N.J.S.A.* 18A:7G–24, the DOE shall provide its annual report for the 2005 fiscal year to the Governor, the Joint Budget Committee, the President of the Senate, and the Speaker of the General Assembly as provided in the statute no later than February 15, 2006; and it is further

ORDERED that the Districts' 2005–2010 Long Range Facilities Plans that were due on October 3, 2005, being necessary for the SCC to manage the school facilities construction program projects, shall be submitted by the Abbott School Districts to the DOE no later than January 15, 2006; and it is further

ORDERED that, for purposes of the February 15, 2006 annual report, the DOE shall include estimates for the school facilities projects that were identified in the 2000–2005 Long Range Facilities Plans and have been approved by the DOE and submitted to the SCC for development. Specifically, estimates shall be submitted for the projects approved by the DOE and under design by the SCC; the projects approved by the DOE on which some preliminary pre-development has been completed; and the projects approved by the DOE that are awaiting pre-development work by the SCC; and it is further

ORDERED that the DOE shall submit its annual report each year thereafter no later than August 1st, as provided by *N.J.S.A.* 18A:7G–24, to ensure a predictable and uniform manner by which all parties are provided the requisite information needed to assess the progress of the school facilities construction and the need for further appropriations.

Chief Justice PORITZ and Associate Justices LONG, LaVECCHIA, ZAZZALI, ALBIN, WALLACE, and RIVERA–SOTO join in the Court's Order.