956 A.2d 923

RAYMOND ARTHUR ABBOTT, A MINOR, BY HIS GUARDIAN AD LITEM, FRANCES ABBOTT; ARLENE FIGUEROA, FRANCES FIGUEROA, HECTOR FIGUEROA, ORLANDO FIGUEROA AND VIVIAN FIGUEROA, MINORS, BY THEIR GUARDIAN AD LITEM, BLANCA FIGUEROA; MICHAEL HADLEY, A MINOR, BY HIS GUARDIAN AD LITEM, LOLA MOORE; HENRY STEVENS, JR., A MINOR, BY HIS GUARDIAN AD LITEM, HENRY STEVENS, SR.; CAROLINE JAMES AND JERMAINE JAMES, MINORS, BY THEIR GUARDIAN AD LITEM, MATTIE JAMES; DORIAN WAITERS AND KHUDAYJA WAITERS, MINORS, BY THEIR GUARDIAN AD LITEM, LYNN WAITERS; CHRISTINA KNOWLES, DANIEL KNOWLES, AND GUY KNOWLES, JR., MINORS, BY THEIR GUARDIAN AD LITEM, GUY KNOWLES, SR.; LIANA DIAZ, A MINOR, BY HER GUARDIAN AD LITEM, LUCILA DIAZ; AISHA HARGROVE AND ZAKIA HARGROVE, MINORS, BY THEIR GUARDIAN AD LITEM, PATRICIA WATSON; AND LAMAR STEPHENS AND LESLIE STEPHENS, MINORS, BY THEIR GUARDIAN AD LITEM, EDDIE STEPHENS, PLAINTIFFS–MOVANTS, v. FRED G. BURKE, COMMISSIONER OF EDUCATION; EDWARD G. HOFGESANG, NEW JERSEY DIRECTOR OF BUDGET AND ACCOUNTING; CLIFFORD A. GOLDMAN, NEW JERSEY STATE TREASURER; AND NEW JERSEY STATE BOARD OF EDUCATION, DEFENDANTS–RESPONDENTS.

February 19, 2008.

ORDER

This matter having come before the Court on the application of plaintiffs for an Order in aid of litigants' rights pursuant to *Rule* 1:10–3 and *Rule* 2:8–1;

And plaintiffs having sought an Order directing respondents to comply with certain specified decisions of the Court, *Abbott v. Burke*, 153 *N.J.* 480, 710 *A.2d* 450 (1998) [*"Abbott V"*]; *Abbott v. Burke*, 164 *N.J.* 84, 751 *A.2d* 1032 (2000) [*"Abbott VII"*]; *Abbott v. Burke*, 185 *N.J.* 612, 889 *A.2d* 1063 (2005) [*"Abbott XIV"*]; *Abbott v. Burke*, 193 *N.J.* 34, 935 *A.2d* 1152 (2007) [*"Abbott XVII"*], and the Education Facilities Construction and Financing Act, ("EFCFA") in respect of the provision of funds necessary to

construct or repair school facilities in certain of New Jersey's school districts ("Abbott districts");

And the Governor having established an Interagency Working Group on School Construction, Executive Order No. 3, 38 *N.J.R.* 1263(b) (Feb. 7, 2006), which recommended that $2.5 billion be allocated to resume implementation of the school construction program in the Abbott districts;

And counsel for defendants having represented that

> [t]he Governor intends to seek passage of legislation that would raise the bond limitation for school facilities in the Abbott districts by a minimum of $2.5 billion and anticipates introduction of that legislation [during the month of February 2008, and that such sum] reflects the recommendation of the Interagency Working Group as to the amount needed to finance the next phase of school construction, including addressing needed health and safety concerns, and that it also comports with [the Educational Law Center's] request in its motion that the State implement the funding recommendation of that Working Group.

And the Court having duly considered the submissions of plaintiffs, defendants, and *amici curiae;*[1]

And the Court having determined that in light of the representations made by defendants, the relief sought by plaintiffs is premature;

And good cause appearing;

IT IS ORDERED that the motion for relief in aid of litigants' rights is denied, without prejudice.

Justice ALBIN, concurring.

I concur in the Court's Order, which denies plaintiffs' motion in aid of litigants' rights without prejudice to their right to renew their motion at a later time. Although I agree that plaintiffs'

---

[1] These include the Board of Education of the City of Bridgeton, the City of Burlington, the City of Elizabeth, Gloucester City, the Town of Harrison, the State–Operated School District of Jersey City, Keansburg Borough, the City of Passaic, the State–Operated School District of Paterson, Pemberton Township, the City of Perth Amboy, the Town of Phillipsburg, and the City of Trenton.

motion is premature, I write to add a little historical context to the present matter.

In 2005, plaintiffs sought "a remedial order from the Court in respect of funding for school construction in the Abbott districts." *Abbott v. Burke,* 185 *N.J.* 612, 613, 889 *A.*2d 1063 (2005) (*Abbott XIV*). In an Order dated December 19, 2005, while denying the relief requested by plaintiffs, we ordered the Department of Education to meet certain deadlines for the filing of annual reports "to ensure a predictable and uniform manner by which all parties are provided the requisite information needed to assess the progress of the school facilities construction and the need for further appropriations." *Id.* at 615, 889 *A.*2d 1063. In that Order, we

> acknowledged that the State ha[d] made a substantial effort to improve school facilities conditions in the Abbott districts, but that significant deficiencies in this area persist and are likely to worsen at a severe cost to the State's most disadvantaged school children if there is further delay in addressing the dilapidated, overcrowded, and dangerous schools in the Abbott districts.
>
> [*Id.* at 614, 889 *A.*2d 1063.]

In 2007, plaintiffs returned to the Court seeking the same relief that they pursued in *Abbott XIV. Abbott v. Burke,* 193 *N.J.* 34, 35, 935 *A.*2d 1152 (2007) (*Abbott XVII*). On May 24, 2007, because the Fiscal Year 2008 budget had yet to be enacted, by Order, we "declined to proceed on the assumption that [defendants would] fail to comply with their constitutional obligations to provide a thorough and efficient educational system pursuant to Article VIII, § 4, ¶ 1." *Ibid.* The Legislature did not authorize funding in Fiscal Year 2008 for resuming the construction and repair of facility projects in the Abbott districts.

In the present application, Abbott district superintendents submitted certifications describing severe overcrowding, inadequate facilities, and unsafe conditions in Abbott district schools that they claim threaten the health and safety of their students and staff and make it difficult to meet the requirements of the New Jersey Core Curriculum Content Standards. The factual assertions in those certifications have not been contested by defendants.

With that history in mind, and without prejudging the merits raised in plaintiffs' motion, I will not presume that the Legislature will fail to respond to the Governor's request to fund the "next phase of school construction, including addressing needed health and safety concerns" in the Abbott districts, and therefore I join in denying plaintiffs' motion without prejudice.

For denying—Justices LONG, LaVECCHIA, ALBIN, WALLACE, RIVERA–SOTO, and HOENS—6.

Opposed—None.